UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LORENA CUNDARI AND MICHELE PISZCZOR,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF PHARR, TEXAS<br><br>Defendant. | CASE NO 7:25-CV-00005<br><br>HON JUDGE _____<br><br>JURY TRIAL REQUESTED FOR ALL COUNTS |

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF WITH JURY DEMAND**

*Plaintiffs state that there is no other pending action arising out of the same transaction or occurrence.*

*/s/ Raed L. Abboo*
Raed L. Abboo

NOW COME Plaintiffs, LORENA CUNDARI and MICHELE PISZCZOR, by and through their attorney RAED LOUAY ABBOO (6800496), and for their Complaint for Damages and Declaratory Relief against the City of Pharr, Texas, with Jury Demand for all counts, hereby state as follows:

**INTRODUCTION**

1. Plaintiffs Lorena Cundari and Michele Piszczor bring this action against the City of Pharr, Texas ("the City," "Pharr," or "Defendant") for the gross failure of its public works division to protect Estela Manteca from a foreseeable and preventable attack by a large pack of vicious dogs owned by her son, Alex Aranda, with whom she resided.

2. Despite repeated warnings, urgent pleas for assistance, and specific notice of the dangerous nature of the dogs—particularly Ringo, Billy, Casper, and Bonita – the City of Pharr

1

exhibited a pattern of deliberate indifference, neglecting to take reasonable measures to mitigate the known and escalating threat, ultimately resulting in the tragic and avoidable injuries on January 10, 2023, and death of Estela Manteca on May 6, 2023.

3. Despite numerous urgent pleas for assistance from family members and other concerned individuals, the City of Pharr demonstrated conduct so egregious it shocks the conscience, reflecting deliberate indifference rooted in inadequate supervision and training—constituting a violation of civil rights under the 14th Amendment of the United States Constitution.

4. This shocking dereliction of duty and extremely gross negligence directly resulted in the horrific attack on Estela Manteca, leaving her in a coma, necessitating the amputation of both legs, and ultimately leading to her death.

5. Before passing, Estela endured unimaginable suffering.

6. Bilateral leg amputations were required due to severe infection and sepsis, with further complications necessitating an additional amputation above the stump on her left leg. See **Exhibit 1** – caution: graphic photos illustrating the severity of Estela's injuries.

7. Her arms, chewed to the bone, underwent extensive skin graft procedures that failed to heal adequately, and medical experts anticipated that they too might have required amputation had she survived.

8. Four specific dogs—Billy, Ringo, Casper, and Bonita—were identified as vicious animals previously known to Pharr Animal Control and the Police Department due to prior attacks. See **Exhibit 2** – official documentation confirming the retrieval of these dogs by Animal Control after the attack. See **Exhibit 3** – records evidencing prior knowledge of these dogs'

vicious nature and the City's failure to act. See **Exhibit 4** – Public Works order concerning Ringo.

9. Despite this, no effective action was taken to neutralize the threat these animals posed. See **Exhibit 5** – photos of the bloody interior of Estela's home, detailing the struggle she endured. See **Exhibit 6** – images of Billy, Ringo, Casper, and Bonita with Estela's blood on them.

10. After the attack, these dogs were found covered in Estela Manteca's blood.

11. As a result of witnessing the aftermath of this preventable tragedy and enduring the emotional impact of her mother's catastrophic injuries and untimely death, Plaintiff Lorena Cundari has suffered severe emotional trauma, including severe depression, anxiety, and significant psychological distress; this event has left an enduring emotional scar on Lorena, profoundly affecting her well-being and quality of life.

12. Plaintiff Michele Piszczor carried a heavy burden of responsibility for Estela's well-being and affairs as her Power of Attorney, which has magnified the psychological toll of this tragedy; the preventable and horrific nature of her grandmother's suffering and death has inflicted severe emotional trauma on Michele, including post-traumatic stress disorder (PTSD), profound depression, and anxiety disorder – Michele brings this action not only to seek redress for the irreparable harm caused to her beloved grandmother but also to address the lasting emotional and psychological toll this incident has caused her

## JURISDICTION AND VENUE

13. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

14. This action arises under the Constitution of the United States, specifically the Fourteenth Amendment, and seeks redress for violations of federal civil rights per 42 U.S.C. § 1983.

15. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it involves questions of federal law and civil rights violations.

16. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391, as the events and omissions giving rise to this Complaint occurred within this District, specifically in the City of Pharr, Texas, County of Hidalgo, which are within the McAllen Division.

## PARTIES

17. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

18. Plaintiff Lorena Cundari is the daughter of the deceased, Estela Manteca. Lorena brings this action to seek redress for the irreparable harm caused to her mother and the profound emotional and psychological trauma she has endured as a result of this tragedy.

19. Plaintiff Michele Piszczor is the granddaughter of the deceased, Estela Manteca; Michele shared a uniquely close and trusted bond with her grandmother with a special relationship, serving as her power of attorney – in this role, Michele assumed significant responsibility for Estela's care and personal affairs, further deepening the emotional distress and trauma she has suffered in the wake of her grandmother's catastrophic injuries and death.

20. Defendant, the City of Pharr, Texas, is a municipal entity responsible for overseeing the operations of its police department and animal control agency, managed through its public works division; the City is tasked with ensuring public safety and the well-being of its residents, responsibilities that are central to the claims brought forth in this action.

## FACTUAL ALLEGATIONS

21. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

4

22. Prior to January 10, 2023, the City of Pharr, through its animal control and police departments (operating under public works), was made aware of the clear and imminent danger posed to Estela Manteca; multiple phone calls and warnings were made by family members, neighbors, and others regarding the vicious nature of the dogs owned by her son, Alex Aranda—specifically Ringo, Billy, Casper, and Bonita.

23. At 91 years old, Estela Manteca was a vulnerable citizen, fearful and intimidated by her son, a fact made known to the City of Pharr through its police department and animal control officials; her elderly and fragile condition created an environment of heightened danger, of which officials were repeatedly warned by family members.

24. On January 24, 2022, the City of Pharr issued a **Vicious Dog Declaration** for **Ringo**, requiring confinement, a leash and muzzle, proper signage, and insurance; however, the City failed to follow up to ensure compliance with these requirements, allowing the danger to persist unchecked. See **Exhibit 3**.

25. On January 24, 2022, the City of Pharr issued a **Vicious Dog Declaration** for **Billy**, requiring confinement, a leash and muzzle, proper signage, and insurance; however, the City failed to follow up to ensure compliance with these requirements, allowing the danger to persist unchecked. See **Exhibit** 3.

26. On January 24, 2022, the City of Pharr issued a **Vicious Dog Declaration** for **Casper**, requiring confinement, a leash and muzzle, proper signage, and insurance; however, the City failed to follow up to ensure compliance with these requirements, allowing the danger to persist unchecked. See **Exhibit 3**.

27. On January 24, 2022, the City of Pharr issued a **Vicious Dog Declaration** for **Bonita**, requiring confinement, a leash and muzzle, proper signage, and insurance; however, the

City failed to follow up to ensure compliance with these requirements, allowing the danger to persist unchecked. See **Exhibit 3**.

28. Similar vicious dog orders were issued on January 24, 2022, for four other dogs, regarding which the city also did not follow up. See **Exhibit 3**.

29. On January 6, 2023, just four days before the attack on Ms. Manteca, the City of Pharr issued a **Notice of Impoundment for Destruction** for **Ringo** after he attacked another individual; despite this urgent notice, the City failed to act, leaving Ringo and the other dangerous dogs on the property, where they would later fatally maul Ms. Manteca. See **Exhibit 4**.

30. On January 10, 2023, Ringo, Billy, Casper, and Bonita viciously attacked Estela Manteca, inflicting catastrophic injuries that left her in a coma; she suffered the amputation of both legs due to sepsis, endured additional surgeries, including a second amputation above the stump of her left leg, and extensive skin grafts on her arms, which were chewed to the bone – Ms. Manteca succumbed to her injuries on May 6, 2023. See **Exhibit 1** (graphic images of injuries).

31. Estela's family, including Plaintiffs, repeatedly contacted the City of Pharr Police Department and the DFPS, expressing grave concerns about the perilous conditions and the threat posed by Alex Aranda's dogs – despite these numerous reports and urgent pleas for help, Defendant failed to undertake any meaningful or timely intervention to investigate the situation or protect Estela Manteca, reflecting a lack of adequate supervision and training, as well as deliberate indifference to her safety and welfare that shocks the conscience.

32. The actions and inactions of the Defendants constitute egregious misconduct, characterized by their knowing failure to address the escalating danger posed by Alex Aranda's dogs. Despite clear warnings and urgent pleas for intervention, The City of Pharr's shocking dereliction of duty left Estela Manteca vulnerable to a catastrophic attack – this grievous negligence underscores a pattern of reckless disregard for the safety and welfare of residents under their care, resulting in devastating and irreversible harm.

33. Defendants exhibited flagrant incompetence in their handling of the repeated reports concerning the dangerous dogs Ringo, Billy, Casper, and Bonita - the appalling neglect demonstrated by failing to enact timely measures to protect Estela Manteca is indicative of a severe breach of duty.

34. Such inexcusable oversight not only heightened the imminent risk faced by Manteca but also ultimately led to her tragic and avoidable death.

35. By consistently disregarding reports of dangerous conditions and ignoring the known threat posed by Ringo, Billy, Casper, and Bonita, the Defendants displayed a blatant failure to act.

36. The City of Pharr's extremely gross dereliction of duty illustrates a level of monumental carelessness that shocks the conscience.

37. Ms. Manteca's family—including my clients—filed multiple complaints with the City of Pharr Police Department, its Public Works Dept., and the Texas Department of Family and Protective Services, warning of the imminent danger posed by these animals; these warnings went unheeded, leaving Ms. Manteca vulnerable and unprotected.

38. The City of Pharr failed to investigate or intervene in any meaningful way, despite the clear and escalating danger.

39. This lack of action, coupled with the absence of adequate training and supervision, directly contributed to Ms. Manteca's death.

40. The City's actions following the tragedy were deeply troubling, as it returned one or more of the dangerous dogs to Alex Aranda and reports indicate that he has since accumulated another large number of dogs on the same property, perpetuating the potential for similarly horrific incidents.

41. The City of Pharr has been notified again by the family and has yet to remove this new set of dogs which are on the property at this time.

### COUNT I – 42 U.S.C. § 1983
### DEPRIVATION OF SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION
### MONELL CLAIM – FAILURE TO TRAIN AND SUPERVISE

42. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

43. At all times relevant to this Complaint, the City of Pharr, through its policymakers and decision-makers, had a constitutional duty to adequately train, supervise, and discipline their employees and agents to protect the safety and welfare of vulnerable residents, including Estela Manteca, from known risks and foreseeable dangers.

44. Defendant failed to establish, implement, and enforce sufficient policies, procedures, and training protocols to address reports of dangerous conditions, specifically the ongoing and well-documented threat posed by **Ringo, Billy, Casper, and Bonita**; this failure demonstrated a disregard for the known and substantial risk of harm to individuals like Estela Manteca.

45. The lack of adequate training and supervision of the City of Pharr's employees created an environment where critical warnings and reports were mishandled, ignored, or inadequately addressed; this systemic failure directly contributed to the events that

culminated in the brutal attack on Estela Manteca, resulting in her grievous injuries, coma, infections, leg amputations, second amputation on her left leg, skin grafts on her arms, and ultimately, her death.

46. As a direct and proximate result of the City of Pharr's deliberate indifference and failure to properly train and supervise their personnel, Estela Manteca suffered unimaginably brutal harm and untimely death, causing significant emotional trauma, anxiety, severe depression, PTSD, and other harm to Plaintiffs.

47. As a result of the City of Pharr's extremely gross dereliction of duty and failure to act, Lorena Cundari, the daughter of Estela Manteca, endured profound emotional distress and suffering upon learning of her mother's horrific injuries and subsequent death; she was forced to navigate the devastating aftermath, including dealing with the medical and legal ramifications, grieving her immense personal loss, and making arrangements for her mother's funeral – Lorena continues to bear the psychological scars of this preventable tragedy, including the enduring pain of losing her mother under such traumatic circumstances.

48. As a result of the City of Pharr's dereliction of duty, Michele Piszczor, as the granddaughter and power of attorney for Estela Manteca, was compelled to travel to Pharr, Texas, on multiple occasions, where she was confronted with the aftermath of her grandmother's catastrophic injuries and untimely death; this ordeal caused her to endure significant emotional trauma, including post-traumatic stress disorder, and severe anxiety and depression, as she faced the responsibility of making critical medical and legal decisions, as well as planning her grandmother's funeral – she lives with this pain every day and this lawsuit is another reminder.

49. The City has made no efforts to address this situation or provide any form of redress.

## COUNT II – 42 U.S.C. § 1983
## DEPRIVATION OF SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION DELIBERATE AND INDIFFERENT CONDUCT THAT SHOCKS THE CONSCIENCE

50. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

51. The City of Pharr's conduct was so egregious and so outrageous, that it may fairly be said to shock the contemporary conscience.

52. The City of Pharr acted with deliberate indifference to the **known, substantial, and specific risks** to the safety and welfare of Estela Manteca despite repeated police calls and warnings of danger – all of which came to fruition.

53. Despite having specific, credible, and repeated warnings from family members, neighbors, and others regarding the imminent danger posed by a pack of vicious dogs owned by Alex Aranda, the City of Pharr acted with deliberate indifference, ignoring substantial risks to the life and safety of 91-year-old Estela Manteca. See **Exhibits 3, 4, and 5**.

54. The City failed to take reasonable and constitutionally required actions to address these known risks, despite being repeatedly notified of the grave danger posed by these dogs, including **Ringo, Billy, Casper, and Bonita**, which had a documented history of viciousness.

55. These failures allowed the preventable attack to occur, depriving Estela Manteca of her substantive due process rights. See **Exhibit 3** – Vicious Dog Declarations and **Exhibit 4** – Notice of Impoundment for Destruction.

56. The City of Pharr ignored credible reports of threats to her safety, failed to enforce its own public safety regulations, and took no meaningful corrective action to address the known hazard, thereby neglecting a known life-threatening circumstance involving Ms. Manteca.

57. As an elderly and vulnerable individual, Estela Manteca was powerless to protect herself against the significant threat posed by her son's dangerous dogs and the intimidating environment he created, which was well-documented through reports made to the City

58. As a result of the City of Pharr's extremely gross dereliction of duty and failure to act, Lorena Cundari, the daughter of Estela Manteca, endured profound emotional distress and suffering upon learning of her mother's horrific injuries and subsequent death; she was forced to navigate the devastating aftermath, including dealing with the medical and legal ramifications, grieving her immense personal loss, and making arrangements for her mother's funeral – Lorena continues to bear the psychological scars of this preventable tragedy, including the enduring pain of losing her mother under such traumatic circumstances.

59. As a result of the City of Pharr's dereliction of duty, Michele Piszczor, as the granddaughter and power of attorney for Estela Manteca, was compelled to travel to Pharr, Texas, on multiple occasions, where she was confronted with the aftermath of her grandmother's catastrophic injuries and untimely death; this ordeal caused her to endure significant emotional trauma, including post-traumatic stress disorder, and severe anxiety and depression, as she faced the responsibility of making critical medical and legal decisions, as well as planning her grandmother's funeral.

**COUNT III – 42 U.S.C. § 1983**
**DEPRIVATION OF SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION**
**AGE-BASED DISCRIMINATION**

60. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

61. The Fourteenth Amendment guarantees equal protection of the laws, and this right extends to protection from discriminatory or unequal treatment by government officials and entities.

62. Defendant, acting under color of state law, failed to provide adequate protection to Estela Manteca who was of an elderly age, and who was in a vulnerable position, despite having knowledge of the specific threats posed by the dangerous dogs.

63. On information and belief, Defendant acted with deliberate indifference and treated Estela differently than similarly situated individuals who received timely and adequate protective services or responses.

64. The City of Pharr's conduct constitutes a violation of the Equal Protection Clause, resulting in the injuries and death of Estela Manteca.

65. As a result of the City of Pharr's extremely gross dereliction of duty and failure to act, Lorena Cundari, the daughter of Estela Manteca, endured profound emotional distress and suffering upon learning of her mother's horrific injuries and subsequent death; she was forced to navigate the devastating aftermath, including dealing with the medical and legal ramifications, grieving her immense personal loss, and making arrangements for her mother's funeral – Lorena continues to bear the psychological scars of this preventable tragedy, including the enduring pain of losing her mother under such traumatic circumstances.

66. As a result of the City of Pharr's dereliction of duty, Michele Piszczor, as the granddaughter and power of attorney for Estela Manteca, was compelled to travel to Pharr, Texas, on multiple occasions, where she was confronted with the aftermath of her grandmother's catastrophic injuries and untimely death; this ordeal caused her to endure significant emotional trauma, including post-traumatic stress disorder, and severe anxiety and depression, as she faced the responsibility of making critical medical and legal decisions, as well as planning her grandmother's funeral.

## COUNT IV – 42 U.S.C. § 1983
## DEPRIVATION OF SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION STATE-CREATED DANGER

67. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

68. The City of Pharr's actions and inactions, including their repeated failure to respond to multiple warnings and urgent complaints regarding the dangerous dogs owned by Alex Aranda, emboldened this individual and situation, creating and significantly exacerbating a hazardous condition that placed Estela Manteca at an increased and foreseeable risk of serious harm.

69. Despite clear knowledge of the severe and immediate danger posed to Estela Manteca's safety, Defendant demonstrated deliberate indifference by failing to take reasonable and necessary measures to investigate, intervene, or otherwise protect her from harm.

70. This deliberate indifference and failure to act directly contributed to the devastating attack on January 10, 2023, causing Estela Manteca to suffer catastrophic injuries, including a coma, the amputation of both legs, second amputation on the left leg, skin grafts on her arms, and, ultimately, her death.

71. As a direct and proximate result of The City of Pharr's conduct, Plaintiffs have endured profound emotional distress, the loss of their loved one, and other compensable damages.

72. As a result of the City of Pharr's extremely gross dereliction of duty and failure to act, Lorena Cundari, the daughter of Estela Manteca, endured profound emotional distress and suffering upon learning of her mother's horrific injuries and subsequent death; she was forced to navigate the devastating aftermath, including dealing with the medical and legal ramifications, grieving her immense personal loss, and making arrangements for her mother's funeral – Lorena continues to bear the psychological scars of this preventable tragedy, including the enduring pain of losing her mother under such traumatic circumstances.

73. As a result of the City of Pharr's dereliction of duty, Michele Piszczor, as the granddaughter and power of attorney for Estela Manteca, was compelled to travel to Pharr, Texas, on multiple occasions, where she was confronted with the aftermath of her grandmother's catastrophic injuries and untimely death; this ordeal caused her to endure significant emotional trauma, including post-traumatic stress disorder, and severe anxiety and depression, as she faced the responsibility of making critical medical and legal decisions, as well as planning her grandmother's funeral.

## **PRAYER FOR RELIEF**

74. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

75. Plaintiffs respectfully request judgment in their favor and seek an award of no less than one hundred million dollars ($100,000,000.00) in compensatory and punitive damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment against the Defendant in the amount of one hundred million dollars ($100,000,000.00) and grant the following relief:

a) **Compensatory Damages**: An award of compensatory damages in an amount to be determined at trial for the emotional distress, PTSD, depression, anxiety, loss of companionship, and other damages suffered by Plaintiffs.

b) **Punitive Damages**: An award of punitive damages to punish Defendant for its deliberate indifference that shocks the conscience and extremely gross misconduct, due to a lack of adequate supervision and training and to deter similar conduct in the future.

c) **Declaratory Relief**: A declaration that The City of Pharr's conduct violated the constitutional rights of Estela Manteca under the Fourteenth Amendment of the United States Constitution.

d) **Injunctive Relief**: An order requiring Defendant to adopt and implement policies, procedures, and training to ensure adequate responses to dangerous conditions and protect vulnerable residents from foreseeable harm.

e) **Attorneys' Fees and Costs**: An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable law.

f) **Such Other and Further Relief**: Any other relief that this Court deems just, equitable, and proper under the circumstances.

g) **Jury Demand**: Plaintiffs hereby demand a trial by jury on all issues so triable.

        Respectfully Submitted,

By: */s/ Raed L. Abboo*
    RAED LOUAY ABBOO (6800496)
    Attorney for Plaintiffs Lorena
    Cundari and Michele Piszczor
    135 N Old Woodward Ave, Ste 200
    Birmingham, MI 48009 | (248) 727-3482
    Ray@AbbooLaw.com

Dated: January 3, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LORENA CUNDARI AND MICHELE PISZCZOR )<br><br>    Plaintiffs, )<br><br>v. )<br><br>THE CITY OF PHARR, TEXAS )<br><br>    Defendant. ) | CASE NO 7:25-CV-00005<br><br>HON JUDGE<br><br>JURY TRIAL REQUESTED<br>FOR ALL COUNTS |

## **PLAINTIFFS' INDEX OF EXHIBITS**

1. Photographs of Injuries (Viewer Discretion Advised).

2. Incident Records – Documentation showing that the same dogs previously deemed vicious were involved in the fatal attack on Estela Manteca, including Ringo, Billy, Casper, and Bonita.

3. Public Works Orders – Shocking Proof of Known Threat but No Action – Documentation of delays in removing nine dangerous dogs and failure to act.

4. Public Works Order – Shocking Proof of Known Threat but No Action – Evidence of delay in removing "Ringo" four days prior to the attack, contributing to the incident.

5. Photos – Bloody interior of Estela's home revealing a struggle for survival.

6. Photos – Ringo, Billy, Casper, and Bonita with Estela's blood on them.

Respectfully Submitted,


By: /s/ Raed L. Abboo
    RAED LOUAY ABBOO (6800496)
    Attorney for Plaintiffs Lorena
    Cundari and Michele Piszczor
    135 N Old Woodward Ave, Ste 200
    Birmingham, MI 48009 | (248) 727-3482
    Ray@AbbooLaw.com

Dated: January 3, 2025

17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| LORENA CUNDARI ) | |
| AND MICHELE PISZCZOR ) | |
| ) | CASE NO 7:25-CV-00005 |
| Plaintiffs, ) | |
| ) | HON JUDGE |
| v. ) | |
| ) | |
| THE CITY OF PHARR, TEXAS ) | JURY TRIAL REQUESTED |
| ) | FOR ALL COUNTS |
| Defendant. ) | |

**PLAINTIFFS LORENA CUNDARI AND MICHELE PISZCZOR'S DEMAND FOR JURY TRIAL ON ALL COUNTS**

NOW COME Plaintiffs LORENA CUNDARI and MICHELE PISZCZOR, by and through their Attorney RAED LOUAY ABBOO (6800496), and hereby demand a trial by jury on all issues so triable.

Respectfully Submitted,

By: /s/ Raed L. Abboo
RAED LOUAY ABBOO (6800496)
Attorney for Plaintiffs Lorena
Cundari and Michele Piszczor
135 N Old Woodward Ave, Ste 200
Birmingham, MI 48009 | (248) 727-3482
Ray@AbbooLaw.com

Dated: January 3, 2025