IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LORENA CUNDARI § | | |
| AND MICHELLE PISZCZOR § | | |
| Plaintiffs § | | |
| § | | |
| VS. § | C.A. NO. 7:25-CV-00005 | |
| § | | |
| THE CITY OF PHARR, TEXAS § | | |
| Defendant § | | |

**DEFENDANT CITY OF PHARR'S
RULE 12 MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM FOR RELIEF**
==================================================================

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT CITY OF PHARR, TEXAS (hereafter "Defendant" or "City") and files this Motion pursuant to Rule 12(b)(6) and the controlling precedent set forth below as to Plaintiff's Complaint for Damages and Declaratory Relief.

### I. NATURE & STATEMENT OF THE CASE

1. This appears to be a tragic case in which the elderly Estela Monteca (hereinafter "decedent") was attacked and mauled by her own son's dogs in the house she was living in with her son and his dogs. **Dkt. 1**. Why the Plaintiffs have elected to sue the City of Pharr, instead of the owner of the dogs that viciously mauled their mother/grandmother in her own home is a mystery.

2. Plaintiffs allege that the Defendant City violated "due process" and "equal protection" rights with respect to the City's actions in how the City allegedly responded to complaints of privately-owned dogs and enforced its laws regarding dog ownership as it related to dogs owned

by the decedent's son, Alex Aranda. As unfortunate as this event appears to be, as applied to the City, there are no claims pled that should survive this Rule 12 Motion.

## II. RULE 12 STANDARD

3. Plaintiff's Complaint does not properly state a cause of action against the Defendant City. Defendant hereby requests that the Court dismiss Plaintiff's federal complaint and the causes of action against it pursuant to FRCP 12(b)(6). Plaintiffs' complaint makes conclusory implications regarding Defendant's actions without specifically pleading non-conclusory factual actions on the part of Defendant that adequately alleged constitutional violations; or that establish the City acted through an unconstitutional policy, practice or custom. As such, both the factual and alleged legal assertions are insufficient for purposes of pleading requirements, as more fully pointed out below.

4. A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the statement of claim for relief in plaintiff's complaint. *Doe Hillsboro ISD*, 81 F.3d 1395, 1401 (5th Cir.1996). A motion to dismiss under FRCP 12(b)(6) is not appropriate unless the plaintiff's pleadings on their face show, beyond doubt, that the plaintiff cannot prove any set of facts that would entitle him to relief. *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34 (1st Cir.2002); *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir.2002). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).

Rule 12(b)(6) allows dismissal if a Plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 12, Plaintiff's claim survives only to the extent it passes the plausible-pleading test of *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

6.  This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

### III. ARGUMENT AND AUTHORITIES

7.  In Plaintiff's Complaint, several conclusory assertions are made regarding Defendant. Specific allegations against the City are brought under 42 U.S.C. §1983, vaguely, generically and conclusory contending that its policies, practices and procedures regarding its investigation into, regulation of and enforcement of laws regarding privately owned canine animals somehow violated civil rights. **Dkt. 1**. Both the factual and alleged legal assertions in the Complaint are insufficient for the purpose of pleading requirements in several ways, as more fully pointed out below.

**A.   Governmental Liability-Constitutional claims generally**

8.  "[U]nder § 1983, local governments are responsible only for 'their *own* illegal acts.'" *Connick v.Thompson*, 563 U.S. 51, 60 (2011) (emphasis original in *Connick*) (quoting *Pembaur v. City of Cincinnati*,475 U.S. 469, 479 (1986)); *see also Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 665-83(1978). Local governments "are not vicariously liable under § 1983 for their employees' actions." *Connick*,563 U.S. at 60.

9.     The *Twombly* standard applies to Section 1983 municipal liability claims. *Ratliff v. Aransas County*, 948 F.3d 281, 284 (5th Cir. 2019) (citing *Peña v. City of Rio Grande City*, 879 F.3d 613, 621-22(5th Cir. 2018), and *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866 n.10(5th Cir. 2012) (en banc)). A municipality may be liable for constitutional violations under §1983, but there is no *respondeat superior* liability. *See Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality is only liable for "acts directly attributed to it through some official action or imprimatur." *Peterson v. City of Fort Worth,* 588 F.3d 838, 847 (5th Cir. 2009). A plaintiff must "show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy." *Valle v. City of Houston,* 613 F.3d 536, 541 (5th Cir. 2010). *Monell* holds that a governmental entity can be found liable under §1983 only if the entity itself causes the constitutional violation at issue. *Monell,* 436 U.S. at 690-8. It is only when the execution of the government's policy or custom that inflicts injury can the governmental entity be held liable under §1983. *See Prairie v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992), *cert. denied*, 506 U.S. 973 (1992). A single incident cannot serve as the basis of liability against the government entity. *Rodriguez v. Avita*, 871 F.2d 552, 554 (5th Cir. 1989) (citing *City of Oklahoma City vs. Tuttle*, 471 U.S. 808 (1985)).

10.    Thus, the Plaintiff must allege with specificity and particularity that the claims are based on the defendant's official policy, not the policy or actions of an individual official or officers. *See Bennett v. City of Slidell,* 728 F.2d 762, 769 (5th Cir.1984). "The fact that a particular official—even a policy-making official—has discretion in the exercise of particular functions, does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481-82 (1986). In other words, *respondeat superior* or vicarious liability cannot be a basis for recovery under Section 1983. *Monell,* 436 U.S. at 691-94. It is only

when the execution of the *government's policy or custom* that inflicts injury can the governmental entity be held liable under Section 1983. *See Prairie v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992), *cert. denied*, 506 U.S. 973 (1992) (emphasis added).

**B.    Plaintiffs Lack Standing to Sue**

11.    Starting with the most glaring pleading deficiency first, Plaintiffs Cundari and Piszczor do not have standing to make the claims they assert in this case. Plaintiffs are the daughter and granddaughter of the decedent Estela Monteca. **Dkt. 1**. The Plaintiffs do not allege that they were injured by dogs as a result of an alleged failure of the City to seize or destroy dogs; nor do they allege that they themselves were the victims in any way of the City's alleged actions or inactions related to the dogs. **Dkt. 1**. Further, notably, the Plaintiffs do not purport to represent the estate of the decedent; nor is the estate of the decedent even a named Plaintiff in this case. **Dkt. 1**. As a result of this, and the allegations and wording of the Complaint, the entire Complaint is vague as to whether the Plaintiffs are attempting to assert *their own claims* for what happened to their grandmother, or whether they are trying to make claims *on behalf of their mother/grandmother* (ie a third party claim). **Dkt. 1**.

12.    First, assuming the Plaintiffs are attempting to bring their own claims for their own alleged injuries, there are no sufficiently pled facts that the City took any actions whatsoever as to them to violate their constitutional rights. **Dkt. 1**. They do not plead their own alleged injuries, other than the loss of a loved one, for anything the City allegedly did or did not do. **Dkt. 1**. Consequently, to the extent they bring their own claims for their own alleged injuries, the Complaint does not properly state any cause of action for which relief can be granted.

13.    To the extent the Plaintiffs are trying to bring claims on behalf of their grandmother or her estate, the Complaint likewise does not properly state any cause of action for which relief can be

granted as they do not have standing nor properly allege standing. "A party ordinarily may assert only 'his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Vote.Org v. Callanen*, 89 F.4th 459, 472 (5th Cir. 2023) (quoting *Warth*, 422 U.S. at 499, 95 S.Ct. 2197). The Supreme Court has "adhered to the rule that a party generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004). "One may not claim standing ... to vindicate the constitutional rights of [a] third party." *Barrows v. Jackson*, 346 U.S. 249, 255, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953). A claim of deprivation of substantive due process and equal protection is a personal cause of action. Litigants typically lack standing to assert the constitutional rights of third parties. *United States v. Hansen*, 599 U.S. 762, 769, 143 S. Ct. 1932, 1939, 216 L. Ed. 2d 692 (2023). Plaintiffs have not alleged nor pled in any form or fashion how or why they fit with any exception to the prohibition on third party standing. **Dkt. 1**. "Third-party standing often turns on categorized relationships — e.g., vendor-vendee, doctor-patient, employer-employee." *NetChoice, LLC v. Fitch*, 738 F. Supp. 3d 753, 766 (S.D. Miss. 2024).

14. No such relationship exists here. Plaintiffs are the daughter and granddaughter of the decedent and cannot bring personal constitutional violation claims on her behalf. As noted above, the Plaintiffs do not purport to represent the estate of the decedent; nor is the estate of the decedent even a named Plaintiff in this case. **Dkt. 1**. Beyond this, to the extent the vague Complaint is in fact the Plaintiffs attempting to assert a third-party claim), they have not sufficiently pled standing, as daughter and granddaughter of the decedent, to make third party claims. **Dkt. 1**. Assuming that Plaintiffs are attempting to bring third-party Section 1983 claims for their grandmother, the Complaint does not adequately plead that the Plaintiffs have standing. Plaintiffs make no effort to

address the "third party standing" issue or that they in fact have third party claim standing. **Dkt. 1**. As a result, Plaintiffs lack standing to bring all the claims in their Complaint for Damages and Declaratory Relief.

### C.  Making sense of Plaintiffs' claims-No Constitutional Violations Identified

15.  Even assuming Plaintiffs could clear up or somehow address the lack of standing argument, their claims still fail to allege viable claims for which relief can be granted. Plaintiffs purport to bring claims pursuant to 42 U.S.C. §1983 for: "Deprivation of Substantive Due Process and "Equal Protection Monell Claim-Failure to Train and Supervise";[1] "Deprivation of Substantive Due Process and Equal Protection Deliberate and Indifferent Conduct that Shocks the Conscience"[2]; "Deprivation of Substantive Due Process and Equal Protection Age-Based Discrimination"[3]; and "Deprivation of Substantive Due Process and Equal Protection State-Created Danger. "[4]

16.  First, Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of federal statutory and constitutional rights. *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 617–18, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979); *Southwestern Bell Telephone v. City of Houston,* 529 F.3d 257, 260 (5th Cir.2008); *Hernandez v. Texas Department of Protective and Regulatory Services,* 380 F.3d 872, 879 (5th Cir.2004). But Plaintiffs fail to identify what specific statutory or constitutional rights for which they are seeking a remedy. **Dkt. 1 ¶¶42-73**. Not a single reference to a specific constitutional amendment is made throughout Plaintiffs' entire cause of action identification, other than a stray mention of the "Fourteenth Amendment" in Count IV. **Dkt. 1 ¶¶42-73**. This alone renders the Complaint insufficient to state a claim for which relief can be granted.

---

[1] **Dkt. 1, ¶¶42-49.**
[2] **Dkt. 1, ¶¶50-59.**
[3] **Dkt. 1, ¶¶60-66.**
[4] **Dkt. 1, ¶¶67-73**.

17.     Trying to assume or guess at the specific constitutional basis for Plaintiffs' claims still leaves them lacking and warranting dismissal as will be discussed below. Further, Plaintiffs' pleading strangely co-mingles "due process" and "equal protection" claims under each "Count" even though they are very different claims. **Dkt. 1, ¶¶42-73** Consequently Defendant will seek to address the "due process" claims and the "equal protection" claims separately where applicable.

**D.    No *Monell* Claim pled**

18.    Although Plaintiffs reference the *Monell* standard in the title caption of Count 1, Plaintiffs' claims associated with the alleged failure to establish, implement, and/or enforce sufficient policies, procedures, and training protocols related to the dangers of dogs being a danger to citizens do not meet the *Monell* standard in any way, shape or form. In fact, Plaintiffs do not even try to legally or factually address the *Monell* standard and how they meet it. **Dkt. 1 ¶¶42-49**.

19.    As stated above, to impose a §1983 liability on a city, "[a] plaintiff must identify, (1) an official policy (or custom), of which (2) policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle*, 613 F.3d at 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

20.    Plaintiffs do not allege and sufficiently plead a longstanding policy, pattern, practice or custom of unconstitutional due process violations related to dog attacks, protection from vicious dogs or enforcement of health and safety laws related to dogs. *Dkt. 1*. Therefore, any 14th Amendment claims for due process violations should be dismissed for failure to state a claim for which relief can be granted.

21.     Plaintiffs fail entirely to properly plead a Section 1983 cause of action for Fourteenth Amendment due process violation[5]. Plaintiffs have not pled a written City policy of unconstitutional due process violations involving the health and safety of citizens as relates to canines. **Dkt. 1**. Further, Plaintiffs do not allege to have a policy statement by any City policymaker that fails to establish, implement, and enforce sufficient policies, procedures and training protocols to address dangerous dogs. **Dkt. 1**.

22.     The more typical avenue by which Plaintiffs attempt to establish a *Monell* claim involves alleging and proving a pattern, practice or custom of violation of civil rights - in this instance: due process rights associated with injuries or attacks from citizen-owned canine dogs that allegedly could have or should have been prevented. Plaintiffs attempt at this is not only woefully inadequate, but also nonexistent. Plaintiffs do not plead a single prior instance of the Defendant's alleged violation of due process rights associated with canine attacks or injuries. **Dkt. 1**. Nor do Plaintiffs plead a single prior instance of an attack on a citizen by canines, much less a prior instance of the City ignoring dangers associated with alleged dangerous canines. Dkt. 1.

23.     A plaintiff can plead a "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Id*. at 169 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)); *see also Id*. ("A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct."). Such "[a] pattern is tantamount to official policy." *Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009). "A pattern requires similarity and specificity; '[p]rior

---

[5] This of course pre-supposes that the 14th Amendment is in fact the basis of Plaintiffs' "due process" claims.

indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Peterson*, 588 F.3d at 851 (quoting *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)).

24. Plaintiffs fail to plead a custom or pattern. **Dkt. 1**; *See, e.g., Peterson*, 588 F.3d at 851. Plaintiffs do not allege, and sufficiently plead, a policy or longstanding pattern, practice, or custom, of unconstitutional due process violations at all, much less due process violations associated with canine dogs attacking or biting people, either running at large or while in possession, care, custody, and control, of the canine's owners. **Dkt. 1**. Therefore any 14th Amendment claim should be dismissed for failure to state a claim for which relief can be granted.

25. Continuing with Plaintiffs' failure to allege a *Monell* claim, Plaintiffs couch their claims under Count 1 as failure to train and failure to supervise claims**. Dkt. 1 ¶¶42-49**. The Pleading is likewise woefully inadequate in this regard. Plaintiffs vaguely and generically allege that the City had a pattern, practice of custom of failing to train its employees regarding dangerous dog regulation and enforcement and lacked supervision in this regard somehow. **Dkt. 1.**

26. An inadequate training program or a failure to train "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the [county officials] come into contact." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388 (1989)). Specifically, to hold a municipality liable under § 1983 based on a policy of inadequate training, a plaintiff must establish that (1) the training procedures of the municipality's policymaker were inadequate; (2) the municipality's policymaker was deliberately indifferent in adopting the training policy; and (3) the inadequate training policy directly caused the plaintiff's injury. *See Huong v. City of Port Arthur,* 961 F.Supp. 1003, 1007 (E.D.Tex.1997) (citing *Baker v. Putnal,* 75 F.3d 190, 200 (5th Cir.1996)). "In resolving the issue of a city's liability, the focus must

be on adequacy of the training program in relation to the tasks the particular officers must perform." *Harris*, 489 U.S. at 390.

27.     There is no sufficient allegation here that the training is inadequate. **Dkt. 1**; *See Benavides v. County of Wilson,* 955 F.2d 968, 973 (5th Cir.1992). Plaintiffs fail to plead sufficient facts to show that the City's existing training policy in the complained of areas is inadequate. **Dkt. 1**. Plaintiffs have pled no sufficient factual allegations to show that the City was deliberately indifferent about adopting its training policy regarding canine enforcement; that any such training was in fact constitutionally required; or that the City was unconstitutionally training its police officers, canine officers, or public health officers in any regard at all. **Dkt. 1**. In sum, Plaintiffs' fail to plead sufficient facts at all that the City's training practices were in fact deliberately indifferent to the decedent (or Plaintiffs). **Dkt. 1**.

28.     Plaintiffs must show that "the need for more or different training is so obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need." *Benavides,* 955 F.2d at 972 (quoting *Harris,* 489 U.S. at 390). The mere fact that an injury could have been avoided if an officer had better training is insufficient to show a constitutional violation. *See Harris,* 489 U.S. at 391. A plaintiff must allege facts to plausibly suggest the municipality's deliberate indifference to the need for proper training; and ordinarily, to meet this burden, a plaintiff may allege that the municipality had "[n]otice of a pattern of similar violations," which were "fairly similar to what ultimately transpired." *Harris* at 381; *see also Connick,* 563 U.S. at 62–63, 131 S.Ct. 1350. In this regard, "actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). "To satisfy

the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is 'obvious and obviously likely to result in a constitutional violation.'" *Id.*

29. Plaintiffs make no specific sufficient factual allegations regarding a particular training program at issue, particular inadequacies in the City officers/employees' training, or in their specific involvement in the training. **Dkt. 1**. Because of this, Plaintiffs fail to adequately state a claim for relief as to the first element of a failure to train claim. *See Trammell v. Fruge*, 868 F.3d 332, 345 (5th Cir. 2017) (plaintiff "… fails to identify any specific inadequacies in [the city's] training materials or procedures which give rise to his claim"); *Bryan v. City of Dallas*, 188 F.Supp.3d 611, 621 (N.D. Tex. 2016) (dismissing a failure-to-train claim under Rule 12(b)(6) because the plaintiffs "neither identified a particular training program nor specified how such a program is deficient") *as cited by Pierre v. Oginni*, No. 3:17-CV-0259, 2018 WL 4220848, at *3 (S.D. Tex. Sept. 5, 2018).

30. Perhaps more importantly, as to the second and third elements, Plaintiffs make and plead no factual allegation of deliberate indifference on the part of the City which would require a showing that the City draw an inference of a substantial risk of harm to the Plaintiffs (or decedent) from an inadequate training policy. **Dkt. 1**. Plaintiffs do not plead one single instance of prior alleged unconstitutional ignoring dangerous dog warnings or dangerous dog claims or requests for help with dangerous dogs that could ever form the basis of deliberate indifference in regard to the City's training program. **Dkt. 1**.

31. In this regard, although Plaintiffs are not required to provide detailed factual allegations, the complaint must "raise a right to relief above the speculative level." *In re La. Crawfish Producers,* 772 F.3d 1026, 1029 (5th Cir.2014) (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct.

1955). "In order to survive a motion to dismiss, a complaint must contain not only legal conclusions, but sufficient factual allegations to state a claim for relief that is 'plausible on its face'." *Pierre v. Oginni*, No. 3:17-CV-0259, 2018 WL 4220848, at *4 (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "… [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id*. Where, as in the instant case, Plaintiffs allege no specific facts about a particular training program, its procedures, an alleged deficiency that caused the officers' behavior or any other supporting facts, and a pattern of prior incidents that could show deliberate indifference, the Complaint cannot survive a motion to dismiss. *Id*. Without some further factual enhancement, Plaintiffs' complaint "stops short of the line between possibility and plausibility." *Twombly,* 550 U.S. at 546, 127 S.Ct. 1955. Here, Plaintiffs merely assert generic legal conclusions and constitutional buzzwords without making any factual allegations to support them. **Dkt. 1**. This is inadequate to impose liability on the City. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993)). The Court should dismiss Plaintiffs' failure to train allegations.

32.     Similarly, with the failure to supervise claim, the Complaint suffers from the same glaring infirmities. **Dkt. 1**. Supervisory liability is not, and cannot be, a mask for vicarious liability, *respondeat superior* or common law negligence. *See Bush v. Viterna*, 795 F.2d 1203, 1206 (5th Cir. 1986). "Proof of more than a single instance of the lack of supervision causing a violation of constitutional rights is normally required before such lack of supervision constitutes deliberate indifference." *Thompson v. Upshur County*, 245 F.3d at 459. "The plaintiff must generally demonstrate at least a pattern of similar violations." *Id*.

33. In the pleading, Plaintiffs do not identify any specific examples of failure to supervise with respect to Ms. Manteca, providing zero factual support that some specific supervisor failed to do his/her job, etc. **Dkt. 1**. More importantly, Plaintiffs do not identify any prior similar violations that could support a failure to supervise claim-not a single one. **Dkt. 1**. Consequently, the Complaint does not allege a *Monell* claim, and the claims should be dismissed for failure to state a claim for which relief can be granted.

E. **14th Amendment equal protection claim fails**

34. Plaintiffs vaguely assert "equal protection" claims in Counts I-IV. **Dkt. 1**. However, there is absolutely no attempts made to identify the specific basis of the equal protection claims anywhere in the Complaint. **Dkt. 1**. Consequently, these "claims", whatever they are intended to be, fail woefully on the pleadings.

35. First, the claims suffer from the same *Monell* infirmities as the due process claim discussed above. Plaintiffs do not allege and sufficiently plead a longstanding policy, pattern, practice or custom of unconstitutional equal protection violations with respect to dog attacks or failure to protect the public from dangerous or vicious dogs. **Dkt. 1**. Plaintiffs fail to plead any specific conduct or facts regarding conduct or actions allegedly taken by any City policymaker that could possibly constitute City policy regarding any alleged equal protection violations with respect to Plaintiffs and dog attacks. **Dkt. 1**. The "claims" fail for failure to plead a claim for which relief can be granted.

36. Plaintiffs' equal protection claims fail on the pleadings on other grounds as well. The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall deny ... to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. It "essentially requires that all persons similarly situated be treated alike." *Mahone v. Addicks Util. Dist. of Harris*

*Cnty.*, 836 F.2d 921, 932 (5th Cir. 1988). To succeed on an equal protection, claim, a plaintiff must first demonstrate that "two or more classifications of similarly situated persons were treated differently" under the disputed statute. *Duarte v. City of Lewisville*, 858 F.3d 348, 353 (5th Cir. 2017). As to the equal protection claim, generally, equal protection claims under the Fourteenth Amendment "typically concern governmental classifications that impact groups of citizens in different ways." *Klinger v. University of So. Miss.*, 612 Fed. Appx. 222, 232 (5th Cir. 2015).

37.     Plaintiffs' equal protection claims do not plead any statute by which she/they[6] were treated differently, much less do not even plead any distinct classifications impacting groups of citizens regarding differential treatment. **Dkt. 1**. Frankly, Defendant has no idea as to the underlying basis of Plaintiff's equal protection claims. It is entirely unclear; unstated and unpled what distinction(s) Plaintiffs might be drawing between themselves/decedent and anybody else. **Dkt. 1**. Plaintiffs do not plead and cannot show any classifications at all entitled to protection under the Equal Protection clause. **Dkt. 1**. Consequently, it is not even possible to apply the rational basis test to address these claims. **Dkt. 1**.

38.     Lastly, although equal protection claims generally concern groups, the Supreme Court has recognized a "class-of-one" equal protection claim, which can be maintained in cases in which "an individual has 'been intentionally treated differently from others similarly situated and ... there is no rational basis for the difference in treatment.'" *Id*. (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiffs however do not even sufficiently plead any facts or make any allegations that would even invoke this class of one protection. **Dkt. 1**. Consequently, Plaintiffs

---

[6] Again, it is entirely unclear whether Plaintiffs are attempting to bring their own constitutional claims, or third-party claims for the decedent.

"equal protection" claims should be dismissed for failure to state a claim for which relief can be granted.

F.　　**No Age-Based Discrimination Claim Adequately Made**

39.　　Plaintiffs refer to "age-based discrimination" in the title of Count III. **Dkt. 1**. Defendant has no idea what Plaintiffs are referring to, whether they are attempting to fold age into an equal protection analysis as a "classification, or whether they are attempting to bring a stand-alone claim for age discrimination. Reference is made in this Count to the "Fourteenth Amendment"[7], but it is not at all clear what the connection is being alleged between the Fourteenth Amendment and "age discrimination." To the extent this is part and parcel of some attempted equal protection claim or due process claim, it fails to state a claim for relief as noted above. Plaintiffs do not allege how others not in the decedent's age classification have allegedly been treated differently or more favorably. **Dkt. 1.**

40.　　To the extent this is a stand-alone "age discrimination" claim, on behalf of non-Plaintiff Ms. Manteca, it must be dismissed for failure to state a claim for which relief can be granted. A Title VII \/Age Discrimination in Employment Act claim requires an employee-employer relationship to be applicable. 29 U.S.C. § 633a (2006); *Boehms v. Crowell,* 139 F.3d 452, 462 (5th Cir.1998); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). None is alleged here. **Dkt. 1**.

41.　　In reality, Defendant is perplexed by the basis of the alleged "age-based discrimination" claim and asserts that there is no claim pled for which relief can be granted as related to any alleged age discrimination.

---

[7] **Dkt. 1, ¶61**

G. **State-created Danger Claim Fails under Fifth Circuit Precedent**

42. In Count IV, Plaintiffs allege a "state created danger" theory claim pursuant to some alleged deprivation of due process and equal protection claims. **Dkt. 1 ¶¶67-73.** This claim fails for failure to state a claim for which relief can be granted.

43. This theory of liability has not been adopted by the U.S. Supreme Court and has been consistently rejected by the Fifth Circuit Court of Appeals. *See, Fisher v. Moore,* 62 F.4th 912 (5th Cir. 2023); *see also, Cancino v. Cameron County, Texas*, 794 F. Appx. 414, 416 (5th Cir. 2019). The state created danger theory is inapposite to the factual claims made in this case for several reasons. First, there is no state action that overcomes the absence of a legal duty to prevent the actions of a private actor. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 189, 109 S. Ct. 998, 1000, 103 L. Ed. 2d 249 (1989).* In general, local governments are under no duty to provide protective services: "[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual… [Thus,] a State's failure to protect an individual against private violence simply does not constitute a violation of the due process clause." *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) citing *Deshaney,* 489 U.S. at 196-97.

44. The constitution imposes a duty on the State to protect individuals only in "certain limited circumstances." *Deshaney,* 489 U.S. at 198. Courts have recognized at most - such limited circumstances – when the state has a special relationship with a person due to confinement by a state actor or then the state exposes a person to a danger of its own creation. *Walton v. Alexander*, 44 F.3d 1297, 1306 (5th Cir. 1995). But that does not exist in the facts as asserted by Plaintiffs in their Complaint because their alleged response to complaints of privately-owned dogs, and the

enforcement of laws regarding dog ownership owned by the Decedent's son, Alex Aranda, do not meet the elements of the state created danger for the City of Pharr to have knowingly placed a citizen in danger or that the private actor's actions resulted in foreseeable injuries to Plaintiffs.

45.    Further, the elements of a state created danger discussed by the Fifth Circuit in *Fisher, Piotrowski, and McClendon v. City of Columbia (McClendon v. City of Columbia,* 305 F.3d 314 (5th Cir. 2002)) are not met by the Complaint. **Dkt. 1.** Additionally, in *McClendon*, the City police department supplied an informant with a weapon to meet with a suspect, resulting in the suspect's murder. *Id*. The Fifth Circuit briefly recognized state created danger elements but quickly withdrew the opinion. Since that time, the Fifth Circuit has repeatedly refused to recognize state created danger as a viable theory of liability.

**H.    Defendant has immunity from Plaintiff's state law tort claim**

46..   Plaintiffs do not appear to sue the City for negligence, not including it in any of their "Counts" or "causes of action". **Dkt. 1, ¶¶42-73**. Two stray references to "negligence" are made in the Complaint. **Dkt. 1, ¶¶4, 32**. Although no substantive briefing is necessary due to the apparent lack of pursuant of negligence in this case, the City would briefly assert that it retains immunity from any attempt to sue for negligence.

47..   The Texas Tort Claims Act provides limited avenues for immunity waiver for negligence claims., *See* Tex. Civ. Prac. & Rem. Code 101.001 et seq. Even if Plaintiffs were vaguely attempting to assert negligence, Plaintiffs' claim does not plead any facts whatsoever that fit the allegations within any waiver of immunity under State law. **Dkt. 1**; See Tex. Civ. Prac. & Rem. Code 101.021. Consequently, the Complaint does not allege any immunity waiver and fails to state a claim for which relief can be granted.  as to negligence.

**I.      The City Is Immune from Punitive and Exemplary Damages.**

48.     Plaintiffs' pleading is vague, but they appear to plead for punitive damages against the City. **Dkt. 1, Prayer.** The United States Supreme Court has long held that governmental entities are immune from punitive and exemplary damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). The Fifth Circuit has faithfully applied the ruling in *City of Newport*. *See Skyy v. City of Arlington*, 712 Fed.Appx. 396, 401 (5th Cir. 2017) (Municipality immune from punitive damages, issue resolved on Rule 12(b)(6) motion); *Gil Ramirez Grp., LLC v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412-13 (5th Cir. 2015); *Stern v. Hinds Cty. Miss.,* 436 Fed.Appx. 381, 382 (5th Cir. 2011).

49..    As such, the City is immune from punitive and exemplary damages and these damages claims must be dismissed.

## CONCLUSION & PRAYER

THEREFORE, based on any one or more of the foregoing reasons, Defendant City of Pharr hereby requests that the Court dismiss the Plaintiff's Complaint for Damages and Declaratory Relief, or those portions/claims the Court deems appropriate, against it for failure to state a viable claim for relief.

Defendant City of Pharr further requests that upon final hearing of this case, that all relief sought by Plaintiffs be denied, that the Defendant be awarded such other and further relief, at law or in equity, including costs of court, to which it may show itself entitled to receive.

SIGNED on this 31st day of January 2025.

Respectfully Submitted,

By: *Robert L. Drinkard*
ROBERT L. DRINKARD
State Bar No. 24007138
So. Dist. ID No. 29288
rldrinkard@rampagelaw.com
**DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH**
A Professional Corporation
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421/4904
956/421-3621 (fax)

**COUNSEL FOR DEFENDANT CITY OF PHARR, TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 31st day of JANUARY, 2025.

RAED LOUAY ABBOO                                **By E-filing Notification**
Attorney At Law
135 N. Old Woodward Ave., Ste. 200
Birmingham, MI 48009
Email: ray@abboolaw.com
**Attorneys for Plaintiffs**

By: *Robert L. Drinkard*
ROBERT L. DRINKARD